## No. 861.

### C. CAVAROC ET AL. VS. ZACHARY T. FOURNET, ADMINISTRATOR, ET AL.

There is no want of proper parties in this case. It is not shown that there are other parties in interest than those plaintiffs pray to be cited.

If the order for a curator *ad hoc* is invalid because the party signing as judge is not judge, that is no cause to dismiss the suit. A new order may be granted by the proper judge.

One judgment creditor of a succession has an interest to attack the validity of the judgment of another creditor, where the funds of the succession are not sufficient to pay both. The court below has jurisdiction to revise the judgment complained of, and plaintiffs have an interest to demand the nullity thereof.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J. *R. S. Perry*, for plaintiffs and appellants. *J. A. Breaux* and *E. Simon*, for defendants and appellees.

WYLY, J. Plaintiffs, who are mortgage creditors of the succession of Charles Durand, Sr., sue to annul the judgment which George W. Banker recovered against said succession on the twenty-sixth of August, 1871, on the ground that the contract upon which said judgment was founded was illegal, for two reasons:

First—It was a contract between parties who during the rebellion occupied the position of enemies.

Second—The consideration of said contract was Confederate notes.

George W. Banker excepted to the suit on the grounds:

First—Plaintiffs have not caused the necessary parties to be made.

Second—The order appointing a curator *ad hoc* for Amelia Durand, an absentee, is illegal, because signed by a person other than the judge.

Third—That plaintiffs are estopped from attacking said judgment, because it was obtained contradictorily with heirs and creditors of said succession.

Fourth—Exceptor pleads said judgment, which was affirmed by the Supreme Court as *res judicata*, against or in bar of this action.

The court maintained the exception and dismissed the suit. Plaintiffs appeal.

Cavaroc vs. Fournet.

Appellees contend that this case was tried in the court below on the above exception, and also on a motion to transfer the case to the parish court, and that the said motion is not contained in the record. There were three suits on the docket between these contestants. The record satisfies us that this case was tried alone on the exception above stated, and there is no order consolidating this with the other cases. Finding no diminution of the record, we will proceed to examine the case.

We find no want of proper parties. It is not shown that there are other parties in interest than those plaintiffs pray to be cited. If the order for a curator *ad hoc* is invalid because the person signing as judge is not the judge, that is no cause to dismiss the suit; a new order may be granted by the proper judge.

The judgment complained of was not rendered contradictorily with plaintiffs; it is not *res adjudicata* as to them, nor are they estopped from demanding the nullity of the judgment which they allege is invalid for the grounds set up in their petition. One judgment creditor of a succession has an interest to attack the validity of the judgment of another creditor, where the funds of the succession are not sufficient to pay both. We think the court below has jurisdiction to revise the judgment complained of and plaintiffs have an interest to demand the nullity thereof.

It is therefore ordered that the judgment herein dismissing plaintiffs' suit be annulled, that the exceptions be overruled, and the cause remanded for trial on the merits, appellee, George W. Banker, paying costs of appeal.