(116 So. 488)

No. 27102.

**KROTZ SPRINGS OIL & MINERAL WATER CO., Limited, v. SHIRK et al.**

March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Appeal and error** ⊜⊐913—Supreme Court must assume that no curator ad hoc was appointed for absent defendants; in absence of showing of appointment in record.

Where record does not show that any curator ad hoc was appointed to represent absent defendants and trial judge denied application for correction of minutes, so as to show such appointment, Supreme Court must assume that none was made.

2. **Absentees** ⊜⊐5—Court cannot enter or confirm default against absent and nonresident defendants for whom no curator ad hoc was appointed.

In absence of appointment of curator ad hoc for absent and nonresident defendants, court is without jurisdiction to enter or confirm a default judgment against them.

3. **Judgment** ⊜⊐17(3)—Judgment against absentee and nonresident without proper citation is absolute nullity.

A judgment rendered against an admitted absentee and nonresident, without citation in one of modes prescribed by law, is an absolute nullity.

4. **Courts** ⊜⊐21—Jurisdiction of nonresident can be acquired only by personal service on him while in state, by seizure of his property in state, or by appointing curator.

The only method by which a nonresident can be brought into courts of this state and made subject to jurisdiction thereof is by personal service on such absentee while in the state, by seizure of his property in the state, or through appointment of a curator.

5. **Dismissal and nonsuit** ⊜⊐57—Dismissal of suit as against absent and nonresident defendants held error, where application for appointment of curators was timely filed.

Where plaintiff in three separate successive applications asked court to appoint curators ad hoc for absent and nonresident defendants before exceptions filed by other defendants had been tried, *held*, that court was in error in dismissing suit as against such absent and nonresident defendants on dismissing suit as to the other defendants.

6. **Judgment** ⊜⊐665—Plea of res judicata cannot be based on suit involving the same land but between different parties (Civ. Code, art. 2286).

Plea of res judicata *held* not sustainable under Civ. Code, art. 2286, in action to compel execution of deed to certain lands, based on decision in suit to annul tax sale of same lands, where latter suit involved different parties.

Appeal from Thirteenth Judicial District Court, Parish of St. Landry; B. H. Pavy, Judge.

Action by the Krotz Springs Oil & Mineral Water Company, Limited, against J. H. Shirk, administrator of the succession of Elbert Walker Shirk, and others. Judgment dismissing suit, and plaintiff appeals. Affirmed in part, and in part reversed and remanded, with directions.

C. W. Krotz, for appellant.

Gilbert L. Dupre, of Opelousas, for Thistlethwaite Lumber Co., Limited.

W. A. Robertson, of Opelousas, for Penick.

George K. Perrault, of Opelousas, for Blacksher.

Edward V. Boagni, of Opelousas, for Shirk.

William J. Sandoz, of Opelousas, for unknown heirs.

Morton H. Thompson, of Opelousas, for Miles.

THOMPSON, J. The object of this suit is to compel the administrator of the succession of Elbert Walker Shirk to execute a deed to certain lands, described in the petition, under an alleged agreement entered into with C. W. Krotz, whose rights are claimed to have been acquired by the plaintiff company.

After the alleged agreement to sell, Shirk sold some of the land to other persons, and they are made codefendants for the purpose of having their deeds canceled.

The codefendants are the Thistlethwaite Lumber Company, W. A. Miles, Dr. N. S. Penick, and P. T. Blacksher.

The petition was filed April 20, 1923, and prayed for the appointment of curators ad hoc for J. H. Shirk, administrator of the estate of Elbert Walker Shirk, deceased, for the unknown heirs of said deceased, for W. A. Miles, and for Dr. N. S. Penick, it being alleged that all of these defendants were nonresidents of the state.

No order appointing curators appears to have been signed at the time the petition was filed, and on February 16, 1924, plaintiff filed a motion repeating the request that curators be appointed to represent the said named absentees, but no order appears to have been signed in compliance with this motion.

On June 5, 1923, Blacksher filed a plea of res adjudicata based on the decision of this court in the case styled Eastham v. Melville Land Co., 142 La. 610, 77 So. 475.

A like plea was filed by the curator of Dr. Penick.

Exceptions of no cause of action were also filed on behalf of W. A. Miles and Dr. Penick, and the Thistlethwaite Lumber Company filed an exception of improper joinder based on the fact that it had long since sold the land which it had acquired from Shirk, and had no interest in the suit.

No appearance was made for and on behalf of the unknown heirs of Shirk, deceased, or on behalf of Shirk, administrator.

A judgment by default was entered against the administrator, and against the unknown heirs on June 17, 1924, and was confirmed on November 20, 1924.

At the time the default was confirmed, ordering the administrator to make the deed as prayed for, the exceptions hereinabove mentioned were pending before the court. Within the legal delay, the several defendants, other than the succession representatives, filed a joint motion for a new trial on the ground, among others, that no curator had been appointed for the administrator or the unknown heirs of Shirk, and for that reason it was alleged that the court was without jurisdiction.

The motion was tried and maintained, and a new trial granted.

Thereafter, to wit, on January 2, 1925, the plaintiff filed a motion to have the minutes of the court corrected so as to show the appointment of a curator to represent the administrator and the heirs of Shirk, it being alleged that such an order had been rendered, but, through error or mistake, had been omitted from the minutes of the court. The court was asked to correct said minutes so as to show that the curators were appointed as of date February 16, 1924, the day the motion for the appointment was filed. The judge overruled this motion because it came too late. The judgment confirming the default at that time had been set aside and a new trial granted.

After the new trial was granted and the judgment as against the administrator and the unknown heirs of Shirk had been set aside, the exceptions filed by the other defendants were tried, and all sustained, and plaintiff's suit dismissed.

From this judgment, the plaintiff has appealed.

[1] The record does not show that any curator ad hoc was ever appointed to represent the absent administrator and the absent and unknown heirs of E. W. Shirk, deceased, and, the trial judge having denied the application for the correction of the minutes so as to show such appointment, we must assume that none was made.

[2] The court was therefore clearly without jurisdiction to enter or confirm the default against the absent and nonresident defendants.

"In case an absentee is sought to be reached and affected by a decree appertaining to real estate situated here, the appointment of a curator ad hoc to represent him is jurisdictional and the modus operandi of appointment must closely conform to the Constitution and law on the pain of nullity."

It is not contended that the other defendants were without interest to ask for a new trial and to have the judgment on default set aside.

These other defendants had purchased some of the land after Shirk had made the agreement to sell to Krotz, and which agreement was of record. If the judgment ordering compliance with that agreement had been permitted to stand, the titles of these other defendants would have failed.

[3, 4] It needs no citation of authority to sustain the proposition that a judgment rendered against an admitted absentee and non-resident, without citation in one of the modes prescribed by law, is an absolute nullity. The only method by which a nonresident can be brought into courts of this state and made subject to the jurisdiction thereof is by personal service on such absentee while in the state, by seizure of his property in the state, or through the appointment of a curator.

[5] We are of the opinion, however, that the court erred in dismissing the plaintiff's suit as against the administrator and the unknown heirs of E. W. Shirk, deceased.

It is to be observed that in the motion of the plaintiff for the correction of the minutes so as to show the appointment of curators, the plaintiff prayed in the alternative that curators should then be appointed to represent the main defendants in the suit.

At this time the exceptions filed by the other defendants had not been tried, and hence the suit had not been dismissed.

The application for the appointment at that time was not too late. The plaintiff had filed two applications prior thereto for the appointment of curators, one with the original petition, and a separate motion filed February 16, 1924. Neither of the prior applications had been acted on, and the last one was only denied on the day the exceptions of the other defendants were sustained.

In the case of Cavaroc v. Fournet, 28 La. Ann. 587, it was held that if the order for a curator ad hoc is invalid because the party signing as judge is not judge, that is no cause to dismiss the suit. A new order may be granted by the proper judge.

If a suit should not be dismissed because the order appointing a curator is invalid, the same rule ought to apply where no order at all is issued, for an illegal order is the equivalent of no order.

We are not unmindful of the rule that a suit will be dismissed where there is an utter want of legal citation and legal service, and will only be remanded by this court where there has been a service but the return of the service is bad, but that rule is of doubtful application in the instant case. It

was not the fault of the plaintiff that an order appointing a curator was not made.

The plaintiff had presented to the court a condition showing the necessity of the appointment of curators, and in three separate, successive applications had asked the court to make such appointments.

The only reason offered by the court for not making the appointment was that the third application came too late, when, as a matter of fact, the application was filed before the exceptions were tried.

There was nothing more that the plaintiff could have done, unless it had applied for a mandamus to compel the judge to appoint the curators.

The plaintiff's petition, with the annexed documents, presented a state of facts which, if true, justified the relief sought. We are unable to perceive on what ground the exception of no cause of action was based.

The appellees have not advanced any reason in support of the exception.

[6] The plea of res adjudicata is based on the decision of this court in Eastham v. Melville Land Co., 142 La. 612, 77 So. 475.

That was a suit to annul a tax sale of some of the lands involved in the present suit, and while the opinion states that Krotz had no title to the lands, Krotz and his alleged successors were not parties to that suit, except the Melville Land Company. The suit was brought by E. K. Eastham against the Melville Land Company and Patton P. Blacksher.

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." C. C. 2286.

It is very clear the plea is not tenable in this case, and should not have been sustained.

The only other exception is that filed by the Thistlethwaite Lumber Company, wherein it was alleged that it had sold the property and had no interest therein. While this fact was sufficient to dismiss the suit as to the said lumber company, it furnished no reason for the dismissal as against the other defendants who were properly joined in the suit.

For the reasons assigned, it is ordered and decreed that the judgment appealed from, in so far as it sustains the exception of improper joinder filed by the Thistlethwaite Lumber Company and dismisses the suit as to said company, be affirmed.

In all other respects the judgment is reversed, the exceptions of no cause of action and the plea of res judicata are overruled, and the case is remanded to be proceeded with according to the views herein expressed and according to law.

The costs of this appeal to be paid by defendants, and all other costs to await the final determination of the case.