(119 So. 878)

No. 29474.

MACHECA et al. v. BERNARD.

Nov. 26, 1928.    Rehearing Denied Jan. 28, 1929.

Monroe & Lemann, Walter J. Suthon, Jr., and Joseph Otto Schwartz, all of New Orleans, for appellants.

George B. Smart and George Dewey Smart, both of New Orleans, for appellee.

ROGERS, J.   On September 16, 1919, plaintiffs agreed in writing to sell to defendant a certain piece of real estate situated in the city of New Orleans, and on May 19, 1927, instituted the present suit for specific perform-ance.   The defendant set up her defenses, and then reconvened in her answer for the return of her deposit of 10 per cent. on the contract price with interest, and for the recovery of damages for alleged loss of profits.   The issue between the parties was tried by a jury, who rendered a verdict ordering the return to defendant of her deposit, and a judgment was entered accordingly.   The effect of the verdict and judgment was to set aside the contract sued on and to reject defendant's claim for interest and damages.   Plaintiffs appealed, and defendant has answered their appeal, praying that her claims for interest and damages be recognized and allowed.   Pending the appeal, one of the plaintiffs, who was also a defendant in reconvention. William J. Hartmann, died, and his testamentary executors have been formally made parties to the suit.

On September 23, 1919, which was exactly a week after she had entered into the contract with plaintiffs, the defendant agreed to sell the property, at a profit of $300, to one Mrs. C. S. Hebert.   In this agreement, defendant obligated herself to deliver the property on October 1, 1919.   At the time the original contract was entered into between the plaintiffs and the defendant, some of the plaintiffs were occupying the premises, but shortly thereafter moved out and delivered possession thereof to Mrs. Hebert.

Because of pending litigation involving the undivided interest of Joseph R. Macheca, one of the co-owners, plaintiffs were unable to convey the property under a clear title to the defendant.   This litigation was before this court three times.   See Succession of Macheca, 147 La. 164, 84 So. 574;   State v. Dunn, 148 La. 460, 87 So. 236;   Wilkinson v. Macheca, 158 La. 183, 103 So. 733.   The litigation was finally compromised on December 10, 1926, and the incumbrance against the property was finally canceled from the mortgage records on March 16, 1927.   It was then, for the first time, that plaintiffs were in a

position to give defendant a good title to the property. However, instead of tendering the property with a demand for the payment of the balance due on the purchase price, plaintiffs demanded, in addition, legal interest on the amount from October 1, 1919, aggregating more than $4,500, and the reimbursement for taxes paid for the past eight years, aggregating $3,159.90, with interest thereon from the respective dates of payment. Defendant refused plaintiffs' demands, and this suit followed. In addition to their main demand, plaintiffs set up in their petition herein an alternative demand for rent of $125 a month from October 1, 1919.

It is obvious that the alleged contract herein sought to be enforced is not the one which the parties entered into nearly eight years before the suit was instituted. Under the original agreement defendant obligated herself to pay the purchase price of $13,200. The plaintiffs, however, according to the allegations of their petition, are not willing to deliver the property to defendant upon the payment of the contract price, but are willing to make such delivery only upon the payment by defendant of an amount in excess of $20,-000.

The testimony in the record conclusively shows that defendant never claimed the ownership of the property nor attempted, at any time, to exercise any rights of ownership thereon. Mrs. Hebert dealt directly with those plaintiffs from whom she received possession of the property. She purchased some of plaintiffs' furniture and, under a mutual agreement, permitted some of their other furniture to remain on the premises. The defendant had nothing whatever to do with the transaction, and did not learn that Mrs. Hebert had taken possession until some time after the event occurred.

The contract between the parties was not

a sale. It was only an agreement to sell. The plaintiffs were, at all times, the owners of the property and acted as such. They paid all taxes due, and insured the improvements in their own names. If they failed to collect rent from Mrs. Hebert, the fault lay with them, and not with the defendant. It is certain that defendant never received, nor expected to receive, any rent for the premises. It is certain, also, that, had plaintiffs demanded in the beginning that defendant pay the taxes or, in the alternative, pay them rent, such a demand would have immediately provoked a successful counter demand by defendant for the rescission of the contract and for the recovery of such damages as she might have suffered by reason of plaintiffs' failure to comply with their agreement.

Our conclusion is that plaintiffs cannot enforce the contract herein sued on, and that defendant, on her reconventional demand, is entitled to the recovery of the amount of her deposit, with legal interest thereon, under her answer to the appeal, from judicial demand, to wit, July 6, 1927, until paid.

The defendant, in her answer to the appeal, is demanding, also, an additional judgment for $300 as the alleged profit of which she was deprived by reason of plaintiffs' failure to render her a good and marketable title to the property. We do not think she is entitled to this. The record is barren of any evidence showing, or tending to show, that Mrs. Hebert, to whom defendant had agreed to sell the property at an advance of $300, was willing, ready, and able to comply with her obligation.

For the reasons assigned, the judgment appealed from is amended by awarding defendant 5 per cent. per annum interest on $1,320, ordered to be returned to her, from July 6, 1927, until paid, and, as thus amended, the said judgment is affirmed.