(133 So. 442)

**KROTZ SPRINGS OIL & MINERAL WATER CO., Limited, v. SHIRK et al.**

No. 30689.

March 2, 1931.

John W. Lewis, of Opelousas, and W. C. Perrault, of New Orleans, for appellant.

W. A. Robertson, G. L. Dupre, and A. V. Pavy, all of Opelousas, for appellees.

ST. PAUL, J.

This case was here once before on exceptions (see 165 La. 1005, 116 So. 488, 489), and the case is there stated thus:

"The object of this suit is to compel the administrator of the succession of Elbert Walker Shirk to execute a deed to certain lands, described in the petition, under an alleged agreement entered into with C. W. Krotz, whose rights are claimed to have been acquired by the plaintiff company. After the alleged agreement to sell, Shirk sold some of the land to other persons, and they are made codefendants for the purpose of having their deeds canceled. The codefendants are the Thistlethwaite Lumber Company, W. A. Miles, Dr. N. S. Penick, and P. T. Blacksher."

The Thistlethwaite Company is no longer concerned in the case, plaintiff having consented to a judgment in its favor dismissing the case as to the lands claimed by it. The other defendants claim the lands by virtue of a sale made to P. T. Blacksher by Elbert Walker Shirk on April 21, 1913; only the 1,-764 acres conveyed by that deed are here involved.

Plaintiff derives its rights through the Melville Land Company, which in turn acquired its rights from C. W. Krotz. This last named had no deed to the property, but only a promise of sale from Shirk. The condition of that promise of sale was that it should be exercised on or before 90 days from July 5, 1905, with further extension for 90 days. Accordingly the option finally expired on October 5, 1905. That is as far as the conveyances records go up to that time.

On November 21, 1905, Shirk wrote to Krotz that he would still further extend the time

until January 5, 1906. This, however, was not put on record. On January 29, 1907, Krotz sold the lands herein involved to the Melville Land Company, through whom this plaintiff claims.

On February 4, 1907, Krotz made and recorded a declaration to the effect that he had complied with all the conditions of his contract with Shirk, and had sold the land to the Melville Land Company. But the fact remains that neither at that time nor at any time thereafter did Krotz take any steps whatever to obtain a title from Shirk.

Thus matters stood until April 21, 1913, on which day Shirk sold the lands to Blacksher, who at once went into possession thereof.

This suit was filed on April 20, 1923, being exactly ten years less one day from the time when Blacksher purchased the lands and went into possession thereof; and being also eighteen years since the option expired.

### I.

It is therefore obvious that, if Krotz had a title to the property, then defendants lack one day of completing their own title by prescription of ten years. On the other hand, it is equally obvious that, if Krotz had no title, then he is barred by his own long laches from seeking to obtain one now to the prejudice of these defendants, who purchased nearly eight years after the option had expired so far as the record showed, and more than seven years after it had expired according to the unrecorded letter of Shirk extending it to January 5, 1906.

### II.

Now the case of Eastham v. Melville Land Co., 142 La. 610, 77 So. 475, 477, is not res judicata in this case for the technical rea-

son that the object demanded in the two cases is not the same. In that case the demand was for the nullity of a tax sale; here it is for specific performance of an agreement to sell. But the reasoning of that case is just as applicable here as it was there. And the court said:

"It is too clear to admit of discussion that Krotz could not devest Shirk's title, and acquire the land himself, by his ex parte declaration, whether verbal or written, recorded or unrecorded. * * * It is clear that no title could be derived from Krotz since he had no title."

The trial judge thought the case was with the defendants, and we think he was correct.

### Decree.

The judgment appealed from is therefore affirmed.