153 So. 700

**Succession of KREHER.**

No. 32022.

Feb. 26, 1934.

E. M. Robbert and Roger Meunier, both of New Orleans, for Charles W. Kreher, Jr.

George A. Dreyfous, of New Orleans, for Herman C. Doescher, Sr., tutor of the minor Herman C. Doescher, Jr.

John E. Jackson, of New Orleans, for Kate Pike, Kathleen M. Goodlock, Ruth M. Pike, and Penstone R. Pike.

Benjamin Y. Wolf, of New Orleans, for Herman H. Rosenberg.

ST. PAUL, Justice.

In this case there was a judgment of partition between the heirs of the deceased, and all the property of the succession was ordered sold at public auction to effect said partition by licitation.

Thereupon, all of said property was advertised and offered for sale on March 13, 1930, and Herman H. Rosenberg became the adjudicatee of the property known as No. 2728 Canal street in the city of New Orleans.

On April 15, 1930, counsel for Rosenberg notified the parties, through their attorney, that he objected to the title on several grounds, and particularly on the ground that the advertisement and adjudication did not correspond with the terms fixed in the order of sale.

To this letter no reply was received, but the adjudicatee was notified a number of times to appear before the notary and to comply with his bid, which the adjudicatee refused to do.

On May 12, 1932, 26 months after the adjudication, the parties took a rule on the adjudicatee to show cause why he should not comply with his bid and pay the purchase price thereof, to wit, $7,675, with interest at 8 per cent. per annum from May 13, 1930; the terms of adjudication being that the adjudicatee should take title to the property within 60 days after the adjudication and pay interest on the price of adjudication at 8 per cent. after said 60 days and until the act of sale was passed, and the vendor to have the rents of said property until the act of sale was passed.

The adjudicatee pleaded laches because of the delay in filing said rule, to wit, two years after the time when the title should have been passed before the notary.

The trial judge thought, and so do we, that the plea was well founded. Under the terms of the sale, the heirs were enjoying the revenues of the property during these two years and in the meanwhile the price which the adjudicatee would have to pay was increased 16 per cent.; so that in that respect alone conditions were materially changed between the time of adjudication and the time when this rule was taken. Moreover, during that time, the value of real estate had dropped to a fraction of its former value; numerous bank failures and the embarrassment, even though temporary, of homestead associations had made the borrowing of money to finance real estate transactions well-nigh impossible. Cf. Home Building & Loan Ass'n v. Blaisdell, 54 S. Ct. 231, 78 L. Ed. ——, 88 A. L. R. 1481.

As we have stated, defendant in rule promptly set forth his objection to the title, thus indicating his intention not to accept the same. If the heirs thought that his objections were not well founded they should have proceeded at once to compel him to comply with the adjudication, and not have waited over two years to do so when conditions had materially changed to his prejudice. The failure to do so was laches. Cf. Joffrion v. Gumbel, 123 La. 391, 48 So. 1007; Krotz Springs Oil & Mineral Water Co. v. Shirk, 172 La. 194, 133 So. 442; Macheca v. Bernard, 167 La. 573, 119 So. 878; Callicott v. Horn, 161 Miss. 395, 137 So. 190. See, also, Gatley v. Shockley, 215 Cal. 604, 12 P.(2d) 436; Larson v. Kearney, 110 N. J. Eq. 561, 160 A. 514.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.