## CRESSON v. EARHART.*
### No. 16229.

Court of Appeal of Louisiana. Orleans.

Nov. 18, 1935.

Geo. P. Nosacka, of New Orleans, for appellant.

Prowell & McBride, Stanley W. Ray, and Leon Sarpy, all of New Orleans, for appellee.

McCALL, Judge.

By a written agreement dated May 17, 1930, Cresson agreed to sell, and Earhart to buy, for the price of $1,200, certain real estate in Mississippi. The present suit was brought by the seller to compel the purchaser to comply with his agreement. The district court decided in favor of the purchaser.

Of the various defenses made, we shall consider only one and that is, that title to the property in question was in litigation in the courts of Mississippi, which did not uphold Cresson's title until July 14, 1931. It appears, furthermore, that two years had to elapse from that date before the Mississippi judgment would become final.

In Macheca v. Bernard, 167 La. 573, 119 So. 878, the court held that: "Where vendors, under contract for sale of real estate, were unable, by reason of pending litigation involving undivided interest, to convey property under a clear title for period of approximately seven years, they were not entitled to specific performance. (Syllabus.)"

While, in the agreement under consideration, the blanks were not filled in to show the date on or before which the act of sale should be passed, the contract provided that the act should be passed "as soon as title can be examined and approved by purchaser's attorney," and it was stipulated that taxes for 1930 should be prorated, thus making it very clear that there was no idea of passing the act of sale later than 1930; and besides, the agreement specifically stated time to be the essence of the contract.

Under the circumstances, we are of the opinion that specific compliance cannot be enforced in the present instance. The inequity of such a late demand is accentuated by the well-known fact that the price of Mississippi real estate on the gulf coast dropped sharply between 1930 and 1933, when this suit was brought.

Judgment affirmed.

*Rehearing denied Dec. 2, 1935.