LOTTINGER, Judge.
This is an action brought by petitioners to be declared to be the owners of certain property in the Parish of Acadia. The Lower Court awarded judgment for defendant, and petitioners have appealed.
Petitioners are the widow and sole heirs of Valsin LeBlanc, who died intestate at his domicile in Acadia Parish, Louisiana, on June 1, 1953. They claim that said Valsin LeBlanc acquired by warranty deed, the N.W. J4 °f the N.E. )4 of Section 1, Township 10 South, Range 1 East, Louisiana, Meridian, from Aladin LeBlanc by act dated April 18, 1896. On March 7, 1906, Valsin LeBlanc granted a right-of-way to The Opelousas Gulf & Northwestern Railway Co. Said right-of-way comprised a strip of land 80 feet in width running in an easterly and westerly direction across said property, and comprised 2.37 acres.
By deed dated November 3, 1913, Valsin LeBlanc sold to Joseph Aladin LeBlanc, *363 20 acres, more or less, being the southern portion of the tract of land acquired by him in 1896. In describing the land, the deed recites that the land is bounded on the north by the O. G. & N. E. R. Rd. right-of-way. By deed dated September 16, 1926, Joseph Aladin LeBlanc sold the said 20 acre tract to Ignace LeBlanc, who subsequently transferred said tract to defendant. In all sales the property was described as being bounded north by the rig'ht-of-way.
By deed of February 12, 1920, Valsin Le-Blanc sold the northern portion of his original tract of land to Mervin Eddie Floyd. The tract sold is described as containing 18 acres and is bounded “South by Texas & Pacific Rail Road.” Thereafter, on January 26, 1925, Mervin Eddie Floyd sold the said 18 acres to defendant, said tract still being described as bounded south by Texas & Pacific Railroad right-of-way.
On April 18, 1949, the Texas & Pacific Railroad Company, successor to the Ope-lousas Gulf and Northeastern Railway Company, abandoned their right-of-way which they had acquired from Valsin LeBlanc.
During the course of the above mentioned sales, there were fences on either side of the right-of-way. There is no question as to the legality of the above mentioned sales, and defendant admits that petitioners are the widow and legal heirs of Valsin Le-Blanc. The record shows that, upon abandonment of the right-of-way, defendant took possession thereof and sold dirt therefrom. He admits that, if petitioners are adjudged owners of the fee, then they should be given the right to file suit against him for damages resulting from his removal of dirt. The only question presented for determination is who is the owner of the fee simple title in the 2.37 acre tract which constituted the right-of-way.
In the deed of March 7, 1906, wherein the railroad company received the right-of-way, the said right-of-way is described as follows:
“A strip of land Eighty (80) feet in width, and , extending Forty (40) feet on either side of the center of said Company’s main tract to be constructed thereon,' over and across the following described tract of land, situated in said Parish and State, to-wit: being in the N.E. 14 of Section One Township Ten South of Range One East. Said strip of right of way being Twelve Hundred and Eighty Six Feet (1286) feet in length and containing Two (2) & 37/ioo superficial acres. The said right of way being along and upon the line of survey as now definitely located by said Rail Road Company.”
The petitioners claim that Valsin LeBlanc, their author in title, only granted a' servitude of passage to the railroad company and that he retained fee simple title to the property comprising the' right-of-way.They allege, therefor, that upon abandonment of the right-of-way, full rights of ownership and possession of same reverted to them as the legal heirs of Valsin Le-Blanc. The defendant, on the other hand, claims that, by the acts of sale to Joseph Aladin LeBlanc and to Mervin Eddie Floyd, said Valsin LeBlanc disposed of all his title to said right-of-way tract, and that now the defendant is the true and lawful owner of the fee of said tract.
The Lower Court rendered judgment in favor of defendant upon the following grounds:
“The extent of the servitude or right of way is controlled by the center line thereof, that is, forty (40) feet on each side of the center line of the railroad track, totalling eighty (80) feet by twelve hundred and eighty-six (1286). The Acts of Sale containing a specified acreage ‘more or less,’ and bounded either ‘North’ or ‘South’ by the railroad right of way transferred the fee of such acreage, more or less, up to- the center line of the servitude, subject to the use or easement in favor of the Railroad. By the various acts of sale the defendant became the owner of all lands lying North and South of the center line of the right of way * * *, and was the owner thereof at the time of abandonment of the right of way *364 on‘April 18, 1949, which reverted to ' the then owner, the defendant.”
We are unable to concur with this reasoning of the Lower Court. Although the grant of right-of-way does describe same as being a strip of land 80 feet in width, and extending 40 feet on either side of the line established by survey, the right-of-way was over a strip of land 80 feet in width. When Valsin LeBlanc sold the southern portion of his property and described same as being bounded on the north by the right-of-way, he sold up to the southernmost extremity of the right-of-way. Furthermore, in selling the northern portion of his property, Valsin LeBlanc sold only to the northern extremity of the said right-of-way. Article 854 of the LSA-Civil Code provides as follows:
“If any one sells .or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds, although it give him a greater quantity of land than is called for in his title, and though the surplus exceed the twentieth part of the quantity mentioned in his title.”
It is well settled in our jurisprudence that if a sale is made of property of which fixed boundaries are designated and set forth, the vendee receives, under the terms of the sale and description, only so much land as may be included or encompassed between the fixed boundaries given. Passera v. City of New Orleans, 167 La. 199, 118 So. 887; Carlisle v. Graves, La.App., 64 So.2d 456, 460.
But the defendant claims that, under Article 2474 of the LSA-Civil Code, if there is ambiguity in an instrument of sale, the ambiguity must be construed in favor of the purchaser. We agree with this contention, and state that'it has been upheld many times by, the Courts of this state, however,' we do' not agree that there is any ambiguity whatsoever in the' sales made by Valsin LeBlanc. The descriptions are clear that he sold up to the southern and northern lines of the right-of-way and no further.
Defendant calls our attention to the case of Chiasson v. Duplechain, La.App., 56 So.2d 615, 616. In that case, the parties owned a tract of land in indivisión. They partitioned same amongst themselves. In the act of partition, Elward Chiasson was given Lot No. 3 which was described as “ ‘being bounded on the North and East by M. L. & T. R. R.’ ” Upon abandonment of the right-of-way, a dispute arose as to who owned the fee simple title to the right-of-way tract. Judge Ellis, speaking as the organ of this Court, said :
“While plaintiff and defendants proceed upon the theory that whoever owns the property adjacent to the railroad right of way upon its abandonment became the owner of that particular piece of abandoned property, it is our opinion that whoever owned the land under the railroad right of way at the time of its abandonment was the owner, ' regardless of any 'adjacent owner. It will be noted without dispute that Chiasson, Duplechain and Willingham acquired the entire 87 acres across which this disputed strip of land ran. Unless they divested themselves of title thereto they are still the owners in indivisión. The record shows that when they partitioned this property they did not partition any part' of or include in the partition any part of the railroad right of way in dispute. The description partitioned the 87 acres up to the railroad right of way as one boundary and the black top Highway No. 214-D as another boundary. In ' other words, the plaintiff acquired a strip up to the railroad right of way on the south while Duplechain acquired a strip up to the highway on the north or east, and Willingham acquired a strip south of Chiasson. Therefore, as the railroad never did , acquire a title to the land but only a servitude or right to construct a railroad on the strip and across the land as described, which was recognized by the railroad in its act of *365 abandonment, and in the same act the railroad quitclaims and abandons to the grantor or her heirs or assigns, who, in this case, were Chiasson, Duplechain and Willingham.”
The factors present in the Chiasson case were the same factors which are presently before us, and we there held that the owners had never divested themselves of fee ■simple ownership of the right-of-way.
Defendant also cites Rock Island, A. & L. R. Co. v. Guillory, 205 La. 154, 17 So.2d 17, 19. Said case affected a mineral lease •on lands over which a railroad right-of-way had been granted. The mineral lease described the property and then contained a recitation, “ ‘less right of way for Railroad1 ”. The Court held that the land underlying the right-of-way was included, as the language in the lease was the same as if it had read “subject to the right of way'.” In that case there was a certain ambiguity which required clarification. In the present case there is no such ambiguity.
In the present case, if Valsin LeBlanc had wished to divest himself of title to the lands underlying the right-of-way, it would have been a simple matter for him to include same in the descriptions. However, he chose to retain ownership thereof and sold by metes and bounds. We are unable to agree with the Lower Court that the sales included the lands underlying the right-of-way when it is clear that the sales included property only up to the right-of-way.
For the reasons hereinabove assigned, the judgment of the Lower Court will be reversed and there will be judgment in favor of petitioners and against defendant recognizing said petitioners, Mrs. Odea Hanks LeBlanc, widow of Valsin LeBlanc, in the proportion of an undivided interest, and Miss Lorina LeBlanc, Mrs. Elita LeBlanc Avant, widow of Dewey Avant, Mrs. Leona LeBlanc Derise, wife of Raymond Derise, Mrs. Rosalie LeBlanc Langlinais, wife of Ivy Langlinais, Clet LeBlanc, and Mrsj Margaret LeBlanc Theall, wife of Clifford Theall, in the proportion of an undivided Vis,' interest each, as the true and lawful-owners of said property and as such entitled to the full and indisputable possession of the following described property to-wit:
“2.37 acres, more or less, situated in Acadia Parish, Louisiana, described as being 80 feet by 1286 feet situated in the Northeast Quarter (NE >4) of Section One (1) Township Ten (10) South, Range One (1) East, Louisiana Meridian, and further described as being bounded on the North by lands of Nathan Stutes, on the South by lands of Nathan Stutes, and on the East by lands of J. T. Guidry Estate or. assigns, and on the West by public road.”
The rights of petitioners are hereby reserved to file suit against defendant for the damages for the removal of dirt from the above described property. All costs to be paid by defendant.
Judgment reversed.