LOTTINGER, Judge.
This is a petitory action to which petitioner, Joseph Levraea, and defendant, Wilfred J. Boudreaux, both claim title to a strip of land some 48 feet in width lying between properties of plaintiff and defendant which is not in dispute.
The record discloses that on July 1, 1942, Charles Wibel sold to defendant, from whom plaintiff derives his title, some 13 acres in the west half of the west half of the west half of the southwest quarter of Section 27, Township 9 South, Range 3 East, Southeastern District of Louisiana. It is not disputed that the true northern boundary of the property so conveyed was a section line which runs roughly along the center line of Louisiana Highway No. 429. This highway existed when defendant purchased the property. During the year 1951, defendant conveyed a servitude to the Department of Highways for the purposes of blacktopping the highway. As result of this, the highway right-of-way encroached unto defendant’s property some 39.47 feet at its western boundary, and 47.92 feet at its eastern boundary.
By deed dated April 30, 1956, defendant transferred a portion of his property to Octave J. Babin by deed recorded in COB 114, Folio 376. The portion of this deed which has given rise to this litigation is as follows:
“A certain tract of land situated in the Parish of Ascension, Louisiana, in the West one-half of the West one-half of the West one-half of the Southwest Quarter of Section 27, Township 9 South, Range 3 East, Southeastern District of Louisiana, and being the North four (4) acres of the tract of land acquired by vendor herein from Charles Wibel July 1, 1942, . . . bounded on the North by the Gonzales — St. Amant blacktopped highway, . . .”
Shortly after entering into possession of the property, Mr. Babin erected a fence toward the southern edge of this property. It was agreed between him and defendant that the location of this fence would be merely provisional pending a true location by a surveyor. However, Mr. Babin died shortly thereafter, and no survey results were ever communicated to the defendant.
Mr. Joseph Levraea, plaintiff, acquired the western half of the above property in 1968, by deed from David R. Wilson, who had acquired the said property from the widow of Octave J. Babin.
In July of 1968, Boudreaux learned of the results of a survey ordered by a Mr. Smith, who had purchased the eastern half of the same four acres from Mrs. Maisie Babin Geismar. Boudreaux then moved the provisional southern fence some 48 feet north in order to mark what he claimed to be the true southern boundary of the north 4 acres. This boundary was measured from the section line which roughly divided Louisiana Highway 429.
Petitioner then entered into an aet of correction with Mrs. Maisie Babin Geismar and David R. Wilson, his authors in title in an attempt to correct the description to show the northern boundary of the property conveyed from Boudreaux to Babin as not actually the section line, but the southern edge of the highway right-of-way. The effect of this instrument was to place an area lying between the provisional fence and *644 Boudreaux’s new fence within the compass of the two acres originally conveyed. Therefore, by virtue of the act of correction, the property encompassed an area extending from the section line in the center of the highway in a southerly direction to the provisional fence, an area greater than the original two acres.
Levraea then brought this petitory action against Boudreaux. The only question is as to the location of the northern and southern boundaries of the property of petitioner.
The Lower Court found that the deed from Boudreaux to Babin, conveyed the property only to the right of way line, and thus the approximately 48 foot strip at the southern edge is within petitioner’s property. Judgment was entered recognizing Babin’s provisional fence as the true southern boundary, and the section line as the northern boundary. From this judgment the defendant has taken this appeal.
It is contended by the defendant that the Lower Court erred in holding that the deed from Boudreaux to Babin conveyed property only to the highway right-of-way line on the north. It is defendant’s contention that the northern property line should be along the quarter section line which is approximately in the center of the highway right-of-way. In support of this contention, the defendant cites R.S. 9:2971 which provides as follows:
“It shall be conclusively presumed that any transfer, conveyance, surface lease, mineral lease, mortgage or any other contract or grant affecting land described as fronting on or bounded by a waterway, canal, highway, road, street, alley, railroad or other right-of-way, shall be held, deemed and construed to include all of grantor’s interest in and under such highway, road, street, alley, railroad, or other right-of-way, whatever that interest may be, in the absence of any express provision therein particularly excluding the same therefrom.”
R.S. 9:2971 was enacted as Act No. 555 of 1956 and this statute did not become effective until August 1, 1956. The conveyance of the above tract from which petitioner derives title was completed on April 30, 1956, or more than 3 months prior to the effective date of the statute in question.
In State Department of Highways v. Tucker, 247 La. 188, 170 So.2d 371, the Supreme Court held that R.S. 9:2971 should not be retroactively applied as same would impair the obligation of contracts and of vested rights, and therefore would be vio-lative of both the Federal and State Constitutions. The Statute is, therefore, not applicable to the particular sale in question.
We feel that the Trial Judge correctly found that the sale from Mr. Boudreaux to Mr. Babin during the year 1956 was a sale per aversionem. This sale recites the property as being “the north 4 acres of the tract of land acquired by vendor herein from Charles Wibel on July 1, 1942, by . bounded on the north by the Gonzales — St. Amant Blacktopped Highway, East by Dawson Melancon, South by vendor and West by Gravel Road or T. S. Landry.”
In Hulin v. Hale, La.App., 137 So.2d 709, the Court held that a deed having a description of property which fixed boundaries on three sides and the vendor on the fourth side was a per aversionem sale, or a sale by metes and bounds. The Court also said that a sale by fixed boundaries is a per aver-sionem sale even though measurements or quantities are also given. The boundaries given then control over the enumeration of measurements or quantities, and the sale thus conveys all of the property found between the boundaries given. The Court there emphasized that the effect of the intent of the party was the controlling consideration.
The act of sale from defendant to Octave Babin shows that it was the intention of the defendant to sell and the Babins to acquire a homesite of 4 acres. The act of sale further clearly implies that the front or northernmost boundary of the said tract of land was the Gonzales — St. Amant Blacktopped *645 Highway, and we feel that the highway as specified, would adjoin the property sold at the right-of-way line. The front, or northern portion of the property sold therefore should be measured along the Gonzales— St. Amant Blacktopped Highway. The east and west boundary of the four-acre tract of land is to be determined by the boundaries specified in the act of sale and the southern boundary was to be along a line so as to give the purchaser 4 acres of land as specified in the act of sale.
In Chaisson v. Duplechain, La.App., 56 So.2d 615, the owner of a tract of land granted a railroad right-of-way through the center of the property and later sold the property on both sides of the right-of-way to three owners in indivisión. These owners in indivisión partitioned the property in kind by deed describing the portion of one as being bounded by a railroad right-of-way and the portion of another as being bounded by a highway right-of-way, which were the rights-of-way granted by the original vendor. The Court found that such conveyance by partition of property bounded by the rights-of-way did not transfer the property under the right-of-way.
In Hanks v. Stutes, La.App., 85 So.2d 362, the owner of a tract of land granted a right-of-way across his property for a railroad. This owner sold a part of his property south of the east-west railroad right-of-way with the north boundary described as the railroad right-of-way. The Court stated that the owner had only sold up to the southernmost extremity of the right-of-way. In that case the Court quoted Article 854 of the Civil Code which provides :
“If any one sells or alienates a piece of land, from one fixed boundary to another fixed boundary, the purchaser takes all the land between such bounds.”
Again in Collins v. Sun Oil Company, 223 La. 1094, 68 So.2d 184, the Court held that a description showing a tract of land bounded on a right-of-way does not purport the transfer of the property to the center of the railroad tracks, but rather to the right of the right-of-way owned by the railroad.
We feel that the Lower Court was correct in holding that the northern boundary of the property sold was bounded by the southern right-of-way line of the Gonzales — St. Amant Blacktopped Highway. We certainly do not believe that it was the intention of the Mr. Babin to purchase from defendant property burdened by the right-of-way. By describing the property as containing 4 acres, bounded by three fixed boundaries and the fourth boundary described as property of vendor, we believe that it was the intention of the parties of that sale to give so much property.within the three fixed boundaries so as to comprise four acres, no more and no less.
In the judgment below, the Lower Court described the property belonging to the petitioner as being bounded north by the quarter section line and running in a southerly direction to an old fence line erected by Octave J. Babin and Wilfred J. Bou-dreaux as the dividing line between the property sold by Boudreaux to Babin and the remaining property of Boudreaux during the year 1956. In so fixing the boundaries, the Lower Court cited Article 688 of the Louisiana Civil Code which provides:
“Every fence, which separates rural estates, is considered as a boundary inclosure, unless there be but one of the estates inclosed, or unless there be some title or proof to the contrary.”
Article 3499 of the Louisiana Civil Code, however, provided:
“The ownership of immovables is prescribed for by thirty years without any need of title or possession in good faith.”
In Esso Standard Oil Company v. Catsulis, La.App., 136 So.2d 431, in quoting from the decision in Williams v. Bernstein, 51 La.Ann. 115, 25 So. 411, the Court said:
“ * * * the mere fact that parties owning adjoining property have culti *646 vated lands up to a certain lme, or up to a certain fence, built either by one or both, or built by one and repaired by the other, does not per se evidence an adverse possession up to the line or fence, or in acquiescence in or recognition of an adverse ownership. Neighbors constantly run up fences within or beyond the boundary lines, and join their fences; doing so with the knowledge and understanding that such acts are merely temporary, and done subsidiarily to, and with reference to, the right of both to ultimately ascertain and fix rights by an action of boundary, or through a formal, legal survey. Until this happens, the lands held by each are in the occupancy, and not in the adverse possession, of either, — certainly so in the absence of a clear and direct claim advanced of adverse ownership and possession. * * ”
The northern boundary of the property of petitioner could not be the quarter section line nor the center of the highway when petitioners author in title, Oscar Babin, acquired the property he purchased only to the blacktopped highway. He thus did not own the fee to the highway right-of-way and thus could not have sold it.
The testimony of Mr. Vincent Piz-zolatto, a Civil Engineer, who made a survey of the property claimed by petitioner was to the effect that the property from the highway right-of-way to the old fence line contained “. . . approximately two acres; exactly it contains 2.02 acres.” There is no question of prescription in this law suit. We feel, therefore, that the judgment of the Lower Court should be amended so as to give petitioner a good, valid and merchantable title to the following property, to-wit:
“A certain tract of land situated in the Parish of Ascension in the west half of the west half of the west half of the southwest quarter of Section 27, Township 9 South, Range 3 East, Southeastern District of Louisiana, and being more particularly described as commencing at the intersection of the western line of said Section 27 with the Southern right-of-way line of the Gonzales — St. Amant Blacktopped Highway then measuring easterly along the southern right-of-way line of said highway until one half of the width of the north 4 acres of the west half of the west half of the west half of the southwest quarter of Section 27 is reached by such depth as to comprise two acres, being bounded northerly by the southern right-of-way line of the Gonzales — St. Amant Blacktopped Highway, east by property of Nicholas L. Smith, west by the west boundary of Section 27, and southerly by the property of Wilfred J. Boudreaux. It being understood that the southern boundary shall be parallel to the northern boundary of said tract of land.”
As so amended, the judgment of the Lower Court will be affirmed. All costs of this appeal shall be paid by defendant.
Judgment amended and affirmed.