LOTTINGER, Judge.
J. Meredith Noel, original plaintiff in this matter filed a suit for partition of a 38.88 acre tract of land. The Lower Court found that plaintiff owned no interest in said tract, and it dismissed plaintiff’s suit at his costs. Plaintiff has appealed.
It is necessary to set out the membership of two families in order to understand the questions before us. Robert E. Noel was married to Lillian Easton Noel, and they had eight children, namely, Frank S. Noel, J. Meredith Noel, Mrs. Juanita Noel Jof-frion, R. Everett Noel, Wilfred Noel, Eas-ton Noel, Lillian Noel Wood and Eloise Noel Hall. The first named child, Frank S. Noel, was married to Mrs. Constance J. Noel and they had three children, Frank S. Noel, Jr., Marlene C. Noel Rome, and Jack F. Noel. It is Mrs. Constance J. Noel and her three children who are the parties defendant in this lawsuit.
J. Meredith Noel first alleged himself to be the owner of an undivided one-half interest in the property in common with defendants, Mrs. Constance J. Noel, et al., the legal heirs of Frank S. Noel. He then filed an amended petition alleging that if he is not the owner of an undivided one-half of the property, then he is the owner in common with the succession of Frank S. Noel, original defendant, and Mrs. Juanita Noel Joffrion, R. Everett Noel, Wilfred Noel, Easton Noel, Lillian Noel Wood and Eloise Noel Hall in the proportion of an undivided one-eight interest each. In a second amended petition, J. Meredith Noel alleged that he, and in the alternative, he and Mrs. Juanita Joffrion, R. Everett Noel, Wilfred Noel, Easton Noel, Lillian Noel Wood and Eloise Noel Hall, became owners of an undivided interest in the property by inheritance from their father, Robeit E. *136 Noel, and by adverse possession of thirty years.
Mrs. Juanita Noel Joffrion, R. Everett Noel, Wilfred Noel, Easton Noel, Lillian Noel Wood and Eloise Noel Hall were therefore made involuntary plaintiffs in this matter and filed pleadings alleging that they are owners of an undivided one-eight interest each in the property and that they became owners of said property by inheritance from their father, Robert E. Noel, and by adverse possession of thirty years.
The question of the ownership of the same 38.88 acres was before the Supreme Court of Louisiana in Noel v. Jumonville Pipe and Machinery Company, 245 La. 324, 158 So.2d 179 (1963). It held that Frank S.Noel was the owner of the property in question. A good history of McManor Plantation, which adjoins the instant property, is contained therein, which we quote:
“1. December 22, 1914, acquisition by Frank S. Noel’s father, Robert E. Noel, from Emile Legendre.
2. January 17, 1920, sale by Robert E. Noel to Dr. Isaac Benson.
3. December 16, 1920, sale by Dr. Isaac Benson to Robert E. Noel.
4. December 16, 1937, judgment of possession in Succession of Robert E. Noel, in the proportions of one-third to Lillian Easton Noel, Widow of Robert E. Noel, and one-twelfth each to Juanita Noel Joffrion, Frank Noel, R. Everett Noel, Wilfred Noel, Easton Noel, Meredith Noel, Lillian Noel Wood and Eloise Noel Hall.
5. August 20, 1945, donation of her undivided interest by Lillian Easton Noel, Widow of Robert E. Noel, to her eight children.
6. August 27, 1945, sale of their interests by Mrs. Robert E. Noel, Juanita Noel Joffrion, R. Everett Noel, Wilfred Noel, Meredith Noel, Eas-ton Noel, Eloise Noel Hall and Lillian Noel Wood to Frank S. Noel.
7. December 18, 1945, sale of a one-half interest by Frank S. Noel to J. Meredith Noel.
8. March 17, 1953, sale of his undivided one-half interest by J. Meredith Noel to Frank S. Noel.”
The legal description used in each of the acts listed above is summarized as follows:
“A certain sugar plantation known as McManor Plantation . . . composed of the following tracts of land, to-wit
The acts then give a description by metes, bounds, courses and distances of certain property included in the transfer and then continues as follows:
“Together with all the rights, ways, ser-vitudes, privileges, and advantages belonging to said plantation . . . .”
The general issue before the court is whether plaintiffs own the property sought to be partitioned. More specifically, did the plaintiffs convey the property made the subject of this litigation in a prior conveyance, i. e., the sale from Mrs. Robert E. Noel, Juanita Noel Joffrion, R. Everett Noel, Wilfred Noel, J. Meredith Noel, Easton Noel, Eloise Noel Hall and Lillian Noel Wood to Frank S. Noel dated August 27, 1945 or the sale from J. Meredith Noel to Frank S. Noel dated March 17, 1953, being numbers 6 and 8 respectively of the transactions quoted above from the case of Noel v. Jumonville Pipe? Even more specifically, does the description contained in these acts include the 38.88 acres ?
The jurisprudence has long recognized that a distinction exists between sufficiency of description as between vendor-vendee and the issue of rights of third persons who are record owners opposing one who claims under an omnibus description.
*137 The legal issue of omnibus description or designation is well discussed in Williams v. Bowie Lumber Company, 214 La. 750, 38 So.2d 729 (1948). In that case, the Court dealt with the description of certain lands by specific section numbers. The land there at issue was not designated within the specific description. However, the sale document contained the clause:
“The vendor herein declares that it is his true intent and purpose to sell to purchaser herein all the property owned by him in the Parish of Lafourche,
The plaintiffs were heirs of the vendor and their argument was that the clause was meaningless and invalid because of lack of a detailed description of the land. In rejecting this argument, the Court said at page 731:
“The adjudications depended on do not support the contention of counsel and are not applicable to the situation presented here. All of those cases involved the rights of third persons and they are authority only for the proposition that a sale with an omnibus description does not supply notice to third persons who acquire an adverse interest in the lands. This was clearly pointed out in Daigle v. Calcasieu Nat. Bank, supra, where we remarked that, whereas Articles 3306 and 3307 of the Civil Code require precise description as one of the essentials for the validity of a conventional mortgage, there is no specific article of the Code with such a prerequisite as to sales. But, after referring to Articles 2251 and 2259, dealing with the registry of authentic acts by notaries in the Parish of Orleans and those in other parishes, and many authorities, the Court resolved that, to bind third persons, the act must contain a description of the im-movables and concluded thus:
‘It seems to be settled now by the jurisprudence in Louisiana that such a vague and indefinite description, in an instrument purporting to convey title to real estate, as all of the land owned by the seller in a named parish, is not sufficiently specific to give notice to third parties thereafter dealing with the seller.r
We did not say that such a description rendered the sale invalid as between the immediate parties thereto. On the contrary, we merely held that an omnibus description does not provide adequate notice to third parties.”
The Williams-Bowie decision was recognized by the First Circuit Court of Appeal in Jenkins v. Farriel, 246 So.2d 340 (1971). Therein, the Court stated:
“Williams v. Bowie Lumber Company, above, makes it quite clear that as between vendor and vendee, an omnibus description conveys the property intended' to be sold as effectively as though the property were specifically described.”
While the case of Noel v. Jumonville Pipe does not make the matter before us res judicata because different parties were involved, the same issue before us was presented to and answered by the Supreme Court of Louisiana in that case in its determination that the 38.88 acres was sufficiently described to allow a vendee to tack his possession to the prior possession of his predecessors in the chain of title. Though the Supreme Court discussed the issues before us now at great length, which opinion we make reference to, it is necessary that we quote only one paragraph which summarizes the findings therein:
“While the property which forms the subject matter of this suit is not specifically described in any of the transactions hereinabove recited, nevertheless, the property which was intended to be transferred and which was actually transferred and delivered is described as ‘A certain sugar plantation known as Mc-Manor Plantation, situated in the Parish of Ascension, State of Louisiana * * * ’, which in fact included the *138 property in controversy. We note that each transfer not only conveys all the rights, ways, servitudes and privileges, but also conveys the advantages and appurtenances belonging to McManor Plantation.” (Emphasis Added)
So, though the 38.88 acres in question are not specifically described in any of the acts in the chain of title and especially the two acts in question, the Supreme Court found that they were included by reference.
Plaintiffs very forcefully argue that, when the description contains both general and specific designations, by law the specific designations must control. This is certainly the law, but though the Supreme Court did not say so in Noel v. Jumonville Pipe, it could have considered the description as a whole rather than as being both general and specific, and, in such light, determined that the language stating that the advantages and appurtenances were conveyed as sufficient to include the 38.88 acres.
The 38.88 acres at issue herein has always been considered part and parcel of McManor Plantation. We are of the opinion that in view of the decision in Noel v. Jumonville Pipe, and in further view of the description of the property conveyed in the two acts in question, being, “A certain sugar plantation known as McManor Plantation . . . ,” and, “Together with all the rights, ways, servitudes, privileges, and advantages belonging to said plantation . ” that the plaintiffs-appellants, who were former co-owners as well as coheirs and immediate vendors in title, are not third parties hereto and are without right or interest to assert that this sale is invalid as to the subject property because the 38.88 acres were not described in detail.
We find the 38.88 acres at issue described as:
A certain tract of land situated in the Parish of Ascension, State of Louisiana, in Section 6, Township 11 South, Range 14 East, West of the Mississippi River, containing 38.88 acres, and more particularly described as beginning at a point marked “A”; said point “A” being the intersectional point of Sections 6, 84, 85 and 7, and running North 76° West, 2100 feet to point “B”; thence running North 13° East, 1122 feet to point marked “C”; thence running in a general northwesterly direction a distance of 1054 feet to point marked “D”; thence running South 50° 30 feet East, a distance of 600 feet to point marked “E”; thence running in a general southeasterly direction a distance of 1100 feet to point marked “F”; thence running in a general southwesterly direction a distance of 944 feet to point marked “G”; thence running in a general northeasterly direction a distance of 2650 feet to point of beginning, all as is more fully shown with reference to a map of survey by J. C. Waties, C. E., dated July, 1957;
to have been conveyed previously by plaintiffs in the acts described in numbers 6 and 8 in Noel v. Jumonville Pipe and quoted above. Consequently, plaintiffs have no interest in the property they seek to partition, and their suit was properly dismissed.
The judgment appealed from is correct, and it is affirmed at appellant’s costs.
Affirmed.