SAVOIE, Judge.
Ruby Nell Smith, defendant-appellant, asserts the trial court erred in determining that Luke Levraea, plaintiff-appellee, is the owner of a particular tract of land.
This is an action to quiet title to a tract of land lying between appellee’s and appellant’s property. Both parties trace their property titles to a common ancestor, Mary B. Babin. Appellant purchased her property from Babin in a sale dated August 9, 1958. In 1959, appellee’s ancestor-in-title purchased his property from Babin.
At trial, the parties stipulated this to be a petitory action to be determined upon the public record. Appellee submitted as part of the record the entire litigation in Levraea v. Boudreaux, 259 So.2d 642 (La.App. 1st Cir.1972), maintaining it was dispositive in this litigation. We note appellant was not a party to the prior litigation. Additionally, appellee contended a fence was wrongfully constructed on his land. Conversely, appellant maintained she possessed that property described in her title.
The issue presented to this court is who is the owner of a disputed tract of land. Appellant contends the trial court erred in (1) dividing the tracts of land according to the acreage description rather than according to the particular description by metes and bounds, (2) failing to find as a matter of public record that he was the owner of the disputed tract of land, and (3) failing to sustain appellant’s exception of prescription.
We reverse the finding of the trial court.
Under our jurisprudence, the order of importance for value of the various calls which may be included in a property description are: (1) natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity. Meyer v. Comegys, 147 La. 851, 86 So. 307 (1920), rehearing denied, Oct. 14, 1920; see generally McCullin v. Sumners, 401 So.2d 458 (La.App. 2nd Cir.1981), writ denied, 406 So.2d 610 (La.1981).
Appellant contends her title is described by metes and bounds, priming any property described by quantity. It is well settled in Louisiana that a sale by metes and bounds is a sale per aversionem. In a sale per aversionem, one is presumed to sell all of the land between the stated boundaries. Cheramie v. Cheramie, 380 So.2d 166 (La.App. 1st Cir.1979), affirmed on other grounds, 391 So.2d 1126 (La.1980). Appellant alludes to a claim that call-out points in a property description referring to a plat are equivalent to metes and bounds. Assuming such to be correct, appellant’s purchase would be one per aversionem. However, while our courts have dealt with both natural and artificial monuments as describing property by metes and bounds, this specific claim is res nova in Louisiana. While a logical extension might support the proposition that a plat and call-out points are equivalent to metes and bounds sufficient for a sale per aversionem, we decide this case on alternative grounds.
While neither party has used the magic words “res judicata”, such doctrine has been pled. L.S.A.-C.C. 2286 states:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality.” (Emphasis added).
This doctrine is stricti juris and any doubt as to identity of parties is to be resolved against such plea. See Continental Insurance Company v. Lute, 418 So.2d 43 (La.App. 3rd Cir.1982); and McKean v. Campbell, 372 So.2d 652 (La.App. 1st Cir.1979). Inasmuch as appellant was not a party to the prior litigation in Levraea v. Boudreaux, supra, a plea of res judicata cannot be sustained. Krotz Springs Oil & Mineral Water Co., Limited v. Shirk, 165 La. 1005, 116 So. 488 (1928); and Noel v. Noel, 312 So.2d 134 (La.App. 1st Cir.1975), writ denied, 314 So.2d 737 (La.1975).
Moreover, L.S.A.-C.C. 793, cited below, is dispositive of this litigation. It states:
*279 “When both parties rely on titles only, the boundary shall be fixed according to titles. When the parties trace their titles through a common author, preference shall be given to the more ancient title.”
In this instance, both parties trace their title to a common author. As appellant’s title predates that of appellee’s, appellant is entitled to that land described in her title. Hulin v. Hale, 137 So.2d 709 (La.App. 3rd Cir.1962); and Flanagan v. Elder, 90 So.2d 540 (La.App. 2nd Cir.1957).
Additionally, as stated above, our law dictates that sales per aversionem transfer only that property within the stated boundaries. Cheramie, supra. Appellee’s property description is such a case. Assuming the best possible case, appellee’s corrected property description in 1968 cites his land as being bounded by appellant’s. As such, he has no title to land other than that described as bounded by appellant’s land.
It is also well settled in Louisiana that a vendor cannot sell what he does not own. L.S.A.-C.C. 2452. The common author’s sale in 1958 passed title and ownership of the described property to appellant. Any subsequent sale could not pass title to the same property. Therefore, appellant is owner of the disputed land.
Appellant claims title to the disputed land by acquisitive prescription based on the erection of a fence in 1976. As L.S.A.C.C. 793 is dispositive of title of ownership to the disputed land in appellant’s favor, we need not consider the issue of prescription.
For the foregoing reasons, the judgment of the trial court is reversed. Appellee is to pay all costs.
REVERSED.