11 JOHNSON, J.
would grant the writ application for the following reasons.
This Court has previously addressed the issue of which descriptive features commonly used in land grants demand primacy over others when applied to settle a boundary dispute. The boundary description contained in Little Zion’s deed is ambiguous, however, settled case law determines that this Court must look to natural monuments rather than distances to settle boundary disputes when confronted with a property description that results in a discrepancy.
In a boundary dispute, it is the duty of the Court to “ascertain and give effect to the intention of the parties,” Administrators of the Tulane Educational Fund v. Stair, 148 La. 11, 86 So. 595, 597 (La.5/31/20). In the instant case, this Court must therefore attempt to grant full force and effect to an ambiguous grant of land made in 1890. In order to devise the objective of Ms. Pauline Jackson, the dona-tor of the land now in dispute, this Court must look to “documents, maps, and symbols [which ] are but representations of that purpose.” Id.
It is well established law that the use of natural monuments to survey the dimensions of property for the purpose of establishing title is considered more reliable than the use of distances. In Meyer v. Comegys, 147 La. 851, 86 So. 307 (6/30/20) the Court affirmed the finding of the Court of Appeal and named the plaintiff the rightful owner of a disputed tract of land. In Meyer, an inaccurately platted map placed a dirt broad in a different position from where it was actually laid out, which placed a sixteen acre plot of land in dispute. The Court found that “the legal guides for determining a question of boundary, or the location of a land line, in the order of their importance and value, are: (1) natural monuments; (2) artificial monuments; (3) distances; (4) courses; and (5) quantity.” Meyer, 147 La. 851, 86 So. 307, 309. The use of natural monuments in the delineation of property is given precedence over other guides because natural monuments are considered “more permanent and possess less of the possibilities of error incident to courses, distances, and area (emphasis added).” Id. This Court reiterated such an application of the rule in Dufrene v. Bernstein, 190 La. 66, 181 So. 859 (5/2/38).[1]
A similar application of this rule is required in the instant case. The original grant sets the dimension of the Little Zion property as both “measuring fifty feet front on said Bayou by Sixty feet in depth” and “extends from Bayou Jacob to Bayou Plaquemine.” Since the terms of the deed conveying the grant sets out both natural monuments (Bayous Jacob and Plaque-mine) and distances (fifty feet ... by Sixty feet), and therefore, the proper measure of delineation for the boundary is Bayous Jacob and Plaquemine, which bound the land on either side.
Despite the ambiguous terms provided in the deed for the land donated to Little *1213 Zion Baptist Church, settled case-law provides that natural monuments should prevail. In my view, Ms. Jackson intended for the church’s land to extend from Bayou Jacob to Bayou Plaquemine.
For the aforementioned reasons, I would grant this writ application.

. The rule has also been uniformly followed in the Courts of Appeal. See Levraea v. Smith, 424 So.2d 277 (La.App. 1 Cir.,11/16/82); Carlisle v. Graves, 64 So.2d 456 (La.App. 2 Cir., 3/19/53); Sagrera v. Mouton, 180 So.2d 775 (La.App. 3 Cir., 11/16/82); Broussard v. Union Pac. Resources Co., 778 So.2d 1199 (La.App. 3 Cir., 1/31/01).