McCALEB, Justice.
 

 Plaintiffs, claiming that, as descendants, of one Francis Martin, they have inherited ownership of the Ni/¿ of Sec. 17, T. 14 S., R. 8 E., Lafourche Parish, less 40 acres, comprising the NW*4 of NW% of that section, filed this suit to have their ownership recognized and the claims of the defendant denied. Proceeding under the provisions, of Act No. 38 of 1908,
 
 [1]
 
 they alleged that the tract is swamp land, not susceptible of actual physical possession; that the defendant, nonetheless, claims possession and that it is also asserting legal ownership under an act, dated November 5th 1900, wherein Francis Martin transferred certain properties to Robert H. Down-man (defendant’s, author in title). In the alternative, it is-averred that, should it be found that defendant is in actual possession of the land, petitioners assume the position of plaintiffs in
 
 a.
 
 petitory action.
 

 Defendant resists the demand on the ground (1) that the deed
 
 from
 
 Francis Martin to its grantor, Downman, conveyed title to the property in suit and (2) that, in any event, it has acquired the land by prescription as it has been in open and notorious possession of the premises since-1906, or for more than 30 years.
 

 On the issues thus formed by the pleadings, the parties stipulated the facts. After a hearing, the trial judge sustained both
 
 *753
 
 contentions of the defendant and dismissed the suit. Plaintiffs have appealed.
 

 The salient facts are not in dispute and may be stated as follows: Francis Martin, from whom plaintiffs inherited, was .the owner of many large tracts of timberland in Lafourche Parish, including the property in controversy. In April 1900, Martin brought suit in the Federal Court against Robert H. Downman and others, alleging that the defendants had trespassed on his lands and appropriated the standing timber thereon. However, before trial of the case, an agreement of compromise was made whereby Martin promised to transfer all of his property in Lafourche Parish to the defendants (excepting certain specific tracts not involved herein) for $100,000. Pursuant to this agreement, Martin sold and delivered to Downman by notarial act, dated November 5th 1900, a large quantity of land in Lafourche Parish (19 separate parcels) for the stated consideration of $100,-■000 and his additional agreement to dismiss the suit in the Federal Court and release Downman from any claims which he might have against him for trespass. The tract in controversy was not specially described in this sale.
 
 [2]
 
 However, following a detailed description of the 19 tracts, the deed ■contained the following clause:
 

 “The vendor herein declares that it is his true intent and purpose to sell to the purchaser herein all the property owned by him in the Parish of Lafourche, except, however, the north half of southwest quarter of section fifteen township fourteen south of range seventeen east, and also such lands as he the vendor may own in section eight of township fourteen south of range seventeen east.”
 

 Soon after his purchase of the lands, Downman transferred to the defendant corporation. From its acquisition until 1907, defendant paid taxes on all of the lands including those in Section 17 which were erroneously described as the “NW}4 of the NW)4”- In 1907, the description was corrected so as to properly designate the lands on the assessment rolls as the
 
 W/2
 
 of Section 17. From that year on, or for a period of 41 years, defendant paid all taxes on the property.
 

 Many other acts indicating possession of the lands in full ownership throughout the years have been shown by the defendant but it would be inutile to advert to this evidence since the view we take of the case makes it unnecessary that we pass upon defendant’s plea of prescription of thirty years.
 

 The main contention of the defendant is that the deed from Martin to Downman transferred the land in controversy, even though it was not particularly described therein, in view of Martin’s expressed intention to convey “all of the property owned by him in the Parish of Lafourche” except
 
 *755
 
 certain described land in Section 15 and all land in Section 8.
 

 We think that the point is well taken for the reason that, as between the-parties to the contract and their privies, a sale of real property by an omnibus designation is just as effective and binding as though the lands were specifically described.
 

 Under our law, the only prerequisite of form relative to the sale of an immovable is that it must be made by authentic act or under private signature. Article 2440 of the Civil Code. As between the parties, the contract of sale is perfected when three circumstances, the thing, the price and the consent, concur. Article 2439. In the case at bar, all of the essentials appear, i. e., conveyance by Martin of all of the property owned by him in Lafourche Parish (with certain specified exceptions), the price and the consent of the vendor and vendee. And, since Martin’s intent to convey everything he owned is clearly expressed in the deed, there is no reason to look beyond the four corners of the contract for interpretation. Article 1945 of the Civil Code provides that “Legal agreements having the effects of law upon the parties, none but the parties can abrogate or modify them” and that the intent “is to be determined by the words of the contract, when these are clear and explicit and lead to no absurd consequences.”
 

 Counsel for plaintiffs nevertheless maintain that the clause relied upon by defendant is meaningless and invalid because of the lack of a detailed description of the lands and that, therefore, it conveys absolutely nothing. In support of this proposition, reliance is placed in Baldwin v. Arkansas-Louisiana Pipeline Co., 185 La. 1051, 171 So. 442; McCluskey v. Meraux & Nunez, La.App., 188 So. 669; Cupples v. Harris, 202 La. 336, 11 So.2d 609; Snelling v. Adair, 196 La. 624, 199 So. 782; Reynaud v. Bullock, 195 La. 86, 196 So. 29; United Gas Public Service Co. v. Mitchell, 188 La. 651, 177 So. 697 and Daigle v. Calcasieu Nat. Bank, 200 La. 1006, 9 So.2d 394, 395.
 

 The adjudications depended on do-not support the. contention of counsel and are not applicable to the situation presented here. All of those cases involved the rights of third persons and they are authority only for the proposition that a sale with an omnibus description does not supply notice to third persons who acquire an adverse interest in the lands. This was clearly pointed out in Daigle v. Calcasieu Nat. Bank, supra, where we remarked that, whereas Articles 3306 and 3307 of the Civil Code require precise description as one of the essentials for the validity of a conventional mortgage, there is no specific article of the Code with such a prerequisite as to sales.
 
 t
 
 But, after referring to Articles 2251 and 2259, dealing with the registry of authentic acts by notaries in the Parish of Orleans and those in other parishes, and many authorities, the Court resolved that, to bind third persons, the act must contain a de
 
 *757
 
 scription of the immovables and concluded thus:
 

 “It seems to be settled now by the jurisprudence in Louisiana that such a vague and indefinite description, in an instrument purporting to convey title to real estate, as all of the land owned by the seller in a named parish,
 
 is not sufficiently specific to give notice to third parties thereafter dealing with the seller.”
 

 We did not say that such a description rendered the sale invalid as between the immediate parties thereto. On the contrary, we merely held that an omnibus description does not provide adequate notice to third parties.
 

 The difference between the line of cases depended on by plaintiffs and a matter such as this was perceived by the Circuit Court of Appeals for the Fifth Circuit in Saucier v. Crichton, 147 F.2d 430, where Judge Lee, as organ of the court, correctly announced that the former are limited in their application to third parties subsequently dealing with the vendor.
 

 Plaintiffs also contend that the only right which defendant acquired under the omnibus description was an action to reform the deed, or for specific performance, and they point out that it is now too late for defendant to pursue either one of these remedies as they are personal actions which prescribe in ten years under Article 3544 of the Civil Code. Pursuant to this notion, counsel have filed in this court a plea of prescription.
 

 These postulations are not tenable. Initially, it is not correct to say that defendant acquired only a right to reform the sale or to have a specific performance. Indeed, the act transferred titile to Downman in accordance with the clear and expressed intent of Martin. True enough, defendant could have demanded from Martin a precise description of the tract to protect itself from claims of third persons and it would have been entitled to a reformation if Martin had refused the request. See Daigle v. Calcasieu Nat. Bank, supra, at page 1019 of 200 La., at page 394 of 9 So.2d. But the fact that defendant has not elected to so do cannot improve the claim of plaintiffs as it is clear that they have no title.
 

 Nor can the lapse of time increase plaintiffs’ rights. Defendant is neither attempting to reform the deed, nor is it seeking a specific performance of the contract. Its position is that Martin sold to Downman all of his lands in Lafourche Parish (except certain land specifically designated) ; that the effect of this deed was to transfer title to the property in controversy and that plaintiffs, as heirs of Martin standing in his shoes, are without right or interest to assert that the sale is invalid because the lands are not described in detail.
 

 The judgment appealed from is affirmed.
 

 [1]
 

 An act authorizing the institution of suits to establish title to real estate where none of the claimants is in actual possession.
 

 [2]
 

 Defendant contends that, through inadvertance, the lands were described as the “NW14 of the NW14” instead of “N%”