On Rehearing
LOTTINGER, Judge.
We have granted this rehearing primarily to give further consideration to the compromise agreement entered into between petitioners and defendant on December 5th, 1945.
As stated in our original opinion, this suit raises the issue of title to Lot No. 3 of Section 4, Township 24 South, Range 20 East, Timbalier Island, in the Parish of Terrebonne, Louisiana. Petitioners contend' that title to said property was not alienated by their ancestors either by the act of sale from Mary'Jane Wisner to Wis-ner Estates, Inc. during 1918, or by the compromise agreement with LL & E dated December 5th, 1945.
The defendant, on the other hand, claims that their title emanates from Mary Jane Wisner to Wisner Estates, 'Inc., by virtue of the omnibus or “Mother Hubbard” clause inserted in the act dated March 30, 1918. Defendant then alleges its chain of title from Wisner Estates, Inc., to H. H. Timken by Sheriff’s Sale of October 20, 1923, and from H. H. Timken to Border Research Corporation by sale recorded May 13, 1926, in which latter two sales the property in dispute was specifically described. Border Research Corporation is the same company as LL & E, the name having been changed during the year 1927.
In the original opinion handed down by this Court, we held that the omnibus clauses contained in the sale from Mary Jane Wis-ner to Wisner Estates, Inc. on March 30, 1918, was translative of title to Lot 3, particularly inasmuch as no third party claims title to Lot 3 by particular title under the theory advanced in Daigle v. Calcasieu National Bank of Lake Charles, 200 La. 1006, 9 So.2d 394 and Baldwin et al. v. Arkansas-Louisiana Pipe Line Co., 185 La. 1051, 171 So. 442. Our said holding was based upon Williams v. Bowie Lumber Co., Ltd., 214 La. 750, 38 So.2d 729, recently followed by Tucker v. New Orleans Laundries, Inc., La.App., 145 So.2d 365, wherein the court said:
“We think that the point is well taken for the reason that, as between the parties to the contract and their privies, a sale of real property by an omnibus designation is just as effective and binding as though the lands were specifically described.”
However, going one step further and considering the compromise agreement between the Wisners and LL & E, dated December 5th, 1945, we find that the issue of title to Lot 3 was completely and finally put to rest as between the parties -to this suit. *781 In the preamble to this compromise agreement in which reference is made to various transfers by the Wisners, we find the following :
“Subsequently, Timken and his as-signee, Border Research Corporation, now named The Louisiana Land and Exploration Company, (herein called L.L.&E.), instituted, or caused to be instituted, in the Civil District Court of the Parish of Orleans, certain lawsuits against Wisner of Louisiana, which said suits are hereinafter specifically referred to in Article VI hereof, as a result of which Timken and LL&E acquired certain lands belonging to Wisner of Louisiana and its wholly owned subsidiary, Dominion Land Company, Limited, (herein called “Dominion”).” *
In Article VI of the compromise agreement the Wisners did approve, ratify and confirm various sales and transfers of lands formerly belonging to Wisner of Louisiana, among which is the following:
“(b) That certain act of sale executed by Timken on February 2, 1926, and accepted by LL&E (then named Border Research Corporation) on February 13, 1926, and recorded in the Conveyance Records of the Parishes of Terrebonne, Lafourche, Jefferson, Plaquemines, St. Charles and St. John the Baptist as follows:
In Terrebonne Parish, in COB 85, folio 100, on May 13, 1926; * * *”
Certainly this compromise agreement did finally and completely settle any differences between the parties with reference to Lot 3. Although the property was not particularly described in the compromise agreement, particular reference is made to the act of sale wherein LL & E acquired title to Lot 3 by particular description. The validity of the compromise agreement is not questioned by petitioners. It recites what, in the absence of any showing to the contrary is considered legal consideration under the laws of our state. The agreement was entered into between the parties in order " * * * to settle and adjust all controversies which may exist between them with respect to the matters herein referred to * * * ”,
Article I of the agreement provides:
“All parties hereto, take cognizance of the provisions hereof, waive any further or more detailed explanation of the matters and things herein referred to, and declare themselves fully informed thereof, to the same extent as though all of the details thereof were incorporated herein.”
We fully concur with the reasoning of the Lower Court, as follows:
“The compromise agreement impresses us that the Wisners had a thorough knowledge of what they were doing, and that it was their intention to expressly ratify and confirm the conveyance from Timken to L.L.&E. Indeed, because of the length of the documents referred to, it is easy to understand why they did not incorporate in detail all the instruments made the subject of the compromise. But we believe that the specific references thereto and the recitation of numerous details disclosed a comprehensive knowledge on the part of the Wisners of the subject matter of the compromise, and that they expressly intended to ratify and confirm the conveyance of the title to Lot Three (3) of Section Four (4) to L.L.&E. If the Wisners had not previously divested themselves of title thereto by the first two instruments referred hereinabove, then we believe that by the compromise agreement, which impresses us as disclosing clear and unambiguous intent on the part of the Wisners to settle all differences *782 with L.L.&E., including any dispute as to .the title to Lot Three (3) of Section Four (4), they ratified and confirmed the title thereof to L.L.&E. If . they had not previously divested themselves of title, as they contend they had not, then they were parties at interest, and, as such, are bound by the terms of their agreement.”
For the reasons hereinabove assigned our original judgment is affirmed and, accordingly, the judgment of the Lower Court maintaining the exception of no right of action is affirmed, at petitioners’ costs.
Judgment affirmed.

 In the compromise agreement Wisner Estates, Incorporated is referred to as “Wisner of Louisiana”.