ELLIS, Judge:
Mary Langlois Major was married first to Aminthas Major, of which marriage four children were born. In 1913, after the death of her first husband, she married Albin Major, of which marriage five children were born. Albin Major died intestate in 1932, survived by his widow and five children, who were recognized as such by judgment in his succession, and sent into possession of his estate. Mary Langlois Major died intestate in 1949, survived by her nine children, born of her two marriages.
After the death of Mrs. Major a dispute arose between the children of her first marriage and the children of her second marriage, as to the assets of her succession and as to claims for and against her succession. In order “to adjust all matters and avoid litigation” the parties on January 20, 1950, entered an agreement “to compromise their differences.” By the terms thereof, the children of the second marriage (therein referred to as the parties of the first part) paid $34,000.00 to the children of the first marriage, (therein referred to as the parties of the second part) and transferred to them all of their interest in a 97.37-acre tract of land, and a V32 royalty interest in another tract. In return the children of the first marriage transferred to the children of the second marriage 34 different items of immovable and movable property, which are recited to be the entire interest in the property acquired by them from the succession of Mrs. Major. The agreement also contains the following provisions:
“Parties of the Second Part do hereby declare that it is their intention to transfer, and they do hereby transfer, to the *924 said parties of the First Part any and all right, title and interest, of whatever nature and kind, which they have or may have in and to the Succession of their deceased mother, Mrs. Mary Langlois Major, except as to the realty and royalty rights herein transferred to said parties of the Second Part by said parties of the First Part, and the personal effects belonging to the Succession of their deceased mother, such as clothing and jewelry, and silverware and furniture and other household effects located in home of decedent, which are to be divided among the parties to this agreement or auctioned as hereinabove set forth, within thirty (30) days from date of this agreement.”

“Parties of the First Part and parties of the Second Part do hereby agree that as a further consideration for this agreement and sale and transfer of property the parties of the Second Part transfer to the parties of the First Part any and all rights which the said parties of the Second Part may have in and to any property acquired by Albin Major, deceased, during the community existing between him and Mrs. Mary Langlois Major, including the above described real estate, ...”
In 1923, Albin Major acquired 30 acres of land from John Gerage, which was never sold and which was not included in his succession or in the succession of his wife. This suit was filed by the children of the second marriage, or their descendants, against the children of the first marriage, or their descendents, for a declaratory judgment declaring the said property to belong to the plaintiffs.
After trial on the merits, the trial judge found that the children of the first marriage had divested themselves of any interest in the said property by virtue of the above quoted language in the compromise agreement, and rendered judgment in favor of plaintiffs. Defendants have appealed.
In this court, defendants argue that the trial court erred in characterizing the agreement as a transaction or compromise rather than a partition; and in failing to apply Article 1380 of the Civil Code which provides:
“If, after the partition, a discovery should be made of some property not included in it, the partition must be amended or made over again, either in totality, or of the discovered property alone.”
What defendants overlook is that property not specifically described in the agreement is nonetheless included therein by the express and unambiguous terms thereof, as hereinabove quoted. The fact that the property is included by omnibus description rather than specifically does not affect the validity of the transfer between the parties thereto. Williams v. Bowie Lumber Co., 214 La. 750, 38 So.2d 729 (1948). Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App.3rd Cir. 1976).
By virtue of the agreement of January 20,1950, however characterized, the defendants, in consideration of $34,000.00 cash and certain specifically described property, transferred all of their interest in the succession of their mother, as well as all property acquired by Albin Major during his marriage to their mother. The property which is the subject of this suit was necessarily included therein.
The judgment appealed from is therefore affirmed, at defendants’ cost.
AFFIRMED.