HIGHTOWER, Judge.
In this action, a former husband sought a declaration that a community property settlement conveyed to him all his ex-spouse’s interest in two tracts of property. Plaintiff further requested an order compelling the execution of deeds necessary to perfect his title.[1] From the trial court’s judgment, holding that the agreement excluded the two parcels and that indivisión ownership continued, the ex-husband appeals. For reasons hereinafter expressed, we affirm.
FACTS
Plaintiff, Dewey E. Williams, and defendant, Ann Olive Williams, judicially separated on October 18, 1978. On October 25, 1978, they executed a document that purported to be a full and final partition and division of all community property. Among a list of other items, the agreement conveyed to Mr. Williams:
All the capital stock owned by appearers as property of their marital community of acquets and gains in North Louisiana Well Servicing Company, Inc. and its several divisions, this item including Mrs. Williams’ interest in the businesses of *570 she and Mr. Williams, except for those interests received by her herein, including corporate stock or proprietary interest, corporate, partnership or sole proprietorship.
(Emphasis added). At another point, additional language appeared as follows:
It is agreed by and between the parties that this agreement is made without regard to the technical niceties of recorded ownership, and each of the parties hereto agrees, binds and obligates himself and herself respectively to cooperate with the other to fully perfect record title and ownership to each of the properties allotted to him or her respectively herein and to execute this agreement in good faith according to their mutual intent.
Prior to their legal separation, the parties operated North Louisiana Well Servicing Company, Inc., through two unincorporated divisions doing business as Oil Well Service Company and Arkla Concrete. The couple established these going concerns on two parcels of land located in Springhill, Louisiana and Magnolia, Arkansas, respectively. Although the husband and wife had purchased the immovable property with corporate assets, they held title jointly in their individual capacities.
Ten years after the execution of the property settlement, and in connection with an attempted sale of the tracts, title examiners informed Dewey Williams that the settlement document did not convey record title. After the former wife refused to execute “quitclaim deeds,” the ex-husband instituted this suit.
The parties testified regarding their understanding of the agreement. Mr. Williams believed, relying on the above-mentioned paragraphs, particularly the emphasized portion, that he received title to the two parcels. His ex-wife, of course, disputed that position, but remained irresolute at trial concerning her understanding of the document at the time of its execution. At one point in her testimony, she indicated that both parties completely overlooked the immovable property at issue. However, in another instance, she stated that she knew before execution of the instrument that the Arkansas parcel could not be transferred by the partition.
After trial, the judge ruled against the former husband, finding that the 1978 agreement did not encompass the two parcels at issue. In a written opinion, he reasoned that the document signed by the parties did not evince an act translative of title. Finding the agreement lacking in that respect, the judge additionally stated that the settlement language did not contain ambiguities or an omnibus provision. Thus, the two tracts remained owned in indivisión by the parties. This appeal ensued.
DISCUSSION
The appellant-former husband contends the trial court erred in finding that the agreement did not convey Mrs. Williams’ interest in the parcels at issue.
We disagree with appellant. The clauses relied upon make no reference to immovable property owned by the parties, but concern the transfer of the former wife’s interest in the corporate entity, its divisions and businesses involved. As mentioned previously, with respect to the real estate, the parties held title jointly in an individual capacity.
Obviously, to transfer title, some specific reference to the property is necessary. In general, to be translative of title to real estate, an instrument must contain such a description as to adequately identify the property. Snelling v. Adair, 196 La. 624, 199 So. 782 (1940). On the other hand, as between the parties, an omnibus provision has been deemed sufficient to effectuate a transfer. Williams v. Bowie Lumber Co., 214 La. 750, 38 So.2d 729 (1948); Bean v. Bean, 484 So.2d 246 (La.App. 3d Cir.1986); Dickerson v. Scott, 476 So.2d 524 (La.App. 1st Cir.1985); Major v. Morgan, 408 So.2d 923 (La.App. 1st Cir.1981); Nix v. Nix, 385 So.2d 503 (La.App. 1st Cir.1980); Valvoline Oil Company v. Krauss, 335 So.2d 64 (La.App. 3d Cir.1976). As the trial court found, however, neither a specific nor omnibus description appears in the instrument. Indeed, as concerns any omnibus provision, the attorney for the former wife, *571 who assisted her in the couple’s negotiations and in drafting the agreement, testified of the specific exclusion of such language.
Alternatively, in a second assignment of error, the ex-husband argues that the document is ambiguous. From that premise, he then contends that the testimony disclosed an intent by the parties for him to receive the subject property, and that the settlement agreement should therefore be so reformed.
In interpreting a contract, the common intent of the parties is determinative. LSA-C.C.Art. 2045. But, by whatever formality the document may be executed, when its terminology is clear, explicit and leads to no absurd consequences, no further interpretation may be made in search of intent. LSA-C.C.Art. 2046.
Clearly, a document passed before a notary and two witnesses, as the instant voluntary partition and settlement, constitutes full proof of the agreement. LSA-C.C.Art. 1835; Grant v. Ouachita National Bank, 536 So.2d 647 (La.App. 2d Cir.1988). Thus, testimonial or other evidence is inadmissible to negate or vary its terms, save to show a vice of consent, simulation, or subsequent oral modification. LSA-C.C.Art. 1848; Grant, supra. The former husband did not plead any of these three codal exceptions and the record reveals none existing.
One additional circumstance, an elementary rule as between contracting parties, is that parol evidence of intent is admissible to clarify an ambiguity. See McAteer v. McAteer, 393 So.2d 805 (La.App. 2d Cir.1981). Accord Grant, supra; Texaco v. Newton and Rosa Smith Charitable Trust, 471 So.2d 877 (La.App. 2d Cir.1985), writ denied, 475 So.2d 1104 (La.1985); Bean supra; Rayner v. Butler, 482 So.2d 965 (La.App. 3d Cir.1986).
However, on the issue of ambiguity, we agree with the trial court that the language of the agreement is not ambiguous. Thus, plaintiff could not use parol evidence to vary the provisions of the document, or to somehow create an ambiguity.
Accordingly, the trial court did not err in concluding that the couple’s agreement did not encompass the conveyance of the parcels at issue, and in further refusing to reform the instrument in question.
CONCLUSION
Thus, the judgment of the trial court, declaring that the two tracts continue to be owned in indivisión, is affirmed. All costs are taxed against appellant.
AFFIRMED.

. Plaintiff styled his petition as one for both declaratory judgment and specific performance, without' seeking the two forms of relief as alternatives. Whether a court can order specific performance in a proceeding for declaratory relief is a question apparently unanswered in this circuit. However, because we affirm the trial court’s decision, we specifically pretermit such a consideration.